JAMES ERWIN *v.* JAMES B. WALTON and another.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Wharton,* for the appellant.

*Lockett* and *Micou,* for the defendants.

SIMON, J.   An order of seizure and sale having been obtained against the defendants upon an act of sale and hypothecation, importing a confession of judgment, they moved for a rule upon the plaintiff, to show cause why the order should not be set aside and annulled, on the grounds :   1st. That the writ was issued, *without any authentic evidence* having been adduced. 2d. That in the act of sale, plaintiff contracted to leave in the hands of the notary, some of the notes given by defendants as a security against a mortgage therein recited, *which he has failed to do.*   3d. That the plaintiff *has not raised that mortgage,* nor provided against it the indemnity required by said act, and is not entitled to recover the whole price until he shall have done so.

The rule applied for was granted, and subsequently made absolute ; and the plaintiff has appealed.

The clause of the act relied on by the opponents, is in these words: " Upon which property there exists a special mortgage in favor of John M'Donough, to the amount of $46,100, as assumed, and which the said vendor hereby obligates himself to remove ; but to secure the aforesaid purchasers from all loss and damage which might arise to them in consequence of the aforesaid incumbrance, *the said vendor leaves in the hands of the aforesaid notary, as a special deposit, promissory notes of the said purchasers, and others, of the aforesaid square of ground, to double the amount of said incumbrance,* until the same shall be removed and cancelled ; or should the vendor wish to take possession of said notes at an earlier period, he hereby obligates himself to remove the aforesaid incumbrance, or to make a special deposit in cash, in one of the banks of this city, to the full amount thereof, and obtain a certificate to that effect, which, being lodged with the notary, the last $100,000 of notes of the purchase money thus lodged in deposit,

can be removed by the vendor out of the hands of the said notary."

Now, on the first ground of opposition, it seems to us that the defendants must fail. The act on which the executory process complained of was granted, is an authentic one. It was passed before a notary public, in the presence of two witnesses, and the debtor acknowledges therein, the debt for which the special mortgage is reserved and given. As such, it imports a confession of judgment. Code of Practice, art. 733.

On the second ground, we think the opponents are not entitled to relief. No evidence has been adduced to show that the notes alluded to in the act were not deposited with the notary, or that, after having been left in his possession, they were withdrawn by the vendor. The act itself, shows that the notes, to the amount agreed on, were left with the notary ; the expressions used in it are in the present tense ; that, "*the vendor leaves,*" &c. &c., and are followed by the provision that, "*should the vendor wish to take possession of said notes,* &c." This implies that when the act was signed, the notes were not in the vendor's possession, but in that of the notary ; and we cannot presume that the parties would have signed the act, if the conditions, or provisions therein contained, and which are stated therein as being fulfilled at the same time with the act, had not been strictly complied with. The act speaks for itself, and proves the stipulations therein mentioned ; and it was the duty of the opponents to establish the fact, that, although it shows on its face that the notes in question were *then* left with the notary as a special deposit, the vendor failed to comply with this condition.

It has been urged, however, that the circumstance of the seizure and sale's being obtained on the last note, shows that they were not deposited with the notary, and that it ought to be presumed that the first five notes were paid. The sale under consideration, was made for the sum of $6,100, payable in six instalments, and six notes were given for the price, the last of which only became due five years after the sale. The amount of the mortgage to be secured, was $46,100, and the security is stipulated to be *for double its amount ;* thus being nearly for $100,000. Some of the purchasers' promissory notes, and not all, are stated

in the act to have been, *with others*, put in the hands of the notary ; and we see no reason why we should say, that the note sued on is one of these deposited. If the five other notes were paid, it was in the power of the opponents to produce them, and until their payment or production, we must presume that those five notes are yet, *with others*, in the possession of the notary, according to the terms of the act of sale. If the five first notes were, as we are induced to infer from the act itself, left with the notary at the time of the sale, so as to form the amount of the security given by the vendor, to wit, $100,000, this could not prevent the vendor from exercising his rights upon the note sued on, as the vendees, sufficiently secured against the effect of M'Donough's mortgage, could have no valid objection to paying the price of the purchase.

The third ground is also untenable. Nothing shows that the notes were ever withdrawn from the possession of the notary, and that the vendor was bound to make *a special deposit in cash*, as provided for in the act of sale.

On the whole, we are at a loss to conceive how the judge, *a quo*, could maintain the defendants' opposition, without any other evidence but the act on which the order of seizure and sale was obtained. It is clear, in our opinion, that the stipulations therein contained, so far as they can be used to show the acts of the parties at the time of the sale, are adverse to the opponents' pretensions.

It is therefore ordered, that the judgment of the Commercial Court be annulled ; that the defendants' opposition be overruled ; and that the rule by them obtained be discharged, with costs in both courts.